```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA      *     Case No. 21-MJ-882(RER)
                              *
                              *     Brooklyn, New York
                              *     August 2, 2021
     v.                       *
                              *
NUIVAL VASQUEZ,               *
                              *
              Defendant.      *
                              *
* * * * * * * * * * * * * * * *

            TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
              BEFORE THE HONORABLE RAMON E. REYES, JR.
                   UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:              BENJAMIN WEINTRAUB, ESQ.
                                 Asst. United States Attorney
                                 United States Attorney's Office
                                 271 Cadman Plaza
                                 Brooklyn, NY 11201


For the Defendant:               JAMES DARROW, ESQ.
                                 Federal Defenders of New York
                                 One Pierrepont Plaza
                                 16th Floor
                                 Brooklyn, NY   11201




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

Fiore Reporting and Transcription Service, Inc.
4 Research Drive, Suite 402
Shelton, Connecticut 06484 (203)929-9992

2

1           (Proceedings commenced at 3:18 p.m.)
2                   THE CLERK:  Okay.  And if I can have the people who
3     are on the phone to tap your phone mute right now.  We're
4     recording the proceeding.  Thank you.
5                   This is criminal cause for arraignment on a removal
6     complaint to the Northern District of Georgia, USA versus
7     Nuival Vasquez.  Case No. 21-882.  May I have the parties
8     state their name for the record.  The government, please.
9                   THE DEFENDANT:  Nuival Vasquez.
10                  THE CLERK:  Counsel for government, please state
11    your name for the record.
12                  MR. WEINTRAUB:  Good afternoon.  Benjamin Weintraub
13    for the United States.  Joined with me in the room, but just
14    off camera, is an intern in our office, Iden Benwah
15    Soptchik (ph).
16                  THE CLERK:  Thank you very much.  And for the
17    defendant, Counsel, please state your name.
18                  MR. DARROW:  Good afternoon, Your Honor.  James
19    Darrow, Federal Defenders, for Mr. Vasquez, who is present by
20    video link.
21                  THE COURT:  Good afternoon.
22                  THE CLERK:  Thank you, Mr. Darrow.  I'm sorry.  May
23    I have the defendant now state his full name for the record?
24                  THE DEFENDANT:  Yes.  I apologize.  I'm Nuival --
25                  THE CLERK:  That's okay.

```
1                THE DEFENDANT:  -- Vasquez.
2                THE CLERK:  Thank you very much, Mr. Vasquez.
3    Okay, Judge Reyes.
4                THE COURT:  Is Special Agent Fallon on the line?
5                SPECIAL AGENT FALLON:  Yes, Your Honor.  I am.
6                THE COURT:  You're in -- are you in the room with
7    Mr. Vasquez?
8                SPECIAL AGENT FALLON:  Yes, Judge.
9                THE COURT:  Okay.  I've received the removal papers
10   in this case.  I see your signature is on page three, I
11   believe it is.  Do you swear that the removal papers are the
12   truth, the whole truth, and nothing but the truth?
13               SPECIAL AGENT FALLON:  I do.
14               THE COURT:  All right.  Mr. Vasquez, the purpose of
15   this proceeding is to make sure that you're aware of the
16   charges that have been filed against you to make sure that
17   you understand your rights as a defendant in a criminal case,
18   to explain the removal process to you, and to address the
19   question of whether you should be removed in custody or
20   granted bail.
21               First, Mr. Darrow, does Mr. Vasquez have any
22   objection to proceeding via video?
23               MR. DARROW:  No, Your Honor.  In fact, we requested
24   it.
25               THE COURT:  Okay.  Mr. Vasquez, you have the right
```

1    to remain silent.  You do not have to make a statement to any
2    one.  If you start to make a statement, you can stop at any
3    time.  You've made statements in the past.  You're not
4    required to make statements in the future.
5             Any statements that you do make can and will be
6    used against you in your case, except for statements that you
7    make to your attorney.  Those are privileged.
8             Do you understand that?
9             THE DEFENDANT:  Sir, yes, sir.
10            THE COURT:  You also have the right to be
11   represented by an attorney at every stage of the proceeding.
12   If you can't afford an attorney, the Court will appoint one
13   to represent you.
14            Mr. Darrow from the Federal Defenders of New York
15   has been appointed to represent you in this case. I still
16   need to review a financial affidavit to ensure myself that
17   you are entitled to court-appointed counsel.
18            Should that financial affidavit once I receive it
19   indicates that you are not entitled to court-appointed
20   counsel, you'll have to hire your own lawyer.
21            Do you understand?
22            THE DEFENDANT:  Sir, yes, sir.
23            THE COURT:  I appreciate the Military response, but
24   I'm not an officer, so you don't need to do that.  You can
25   just say, yes, Judge.  Okay.

5

1  THE DEFENDANT:  Okay.  Yes, Judge.
2  THE COURT:  All right.  Great.  Thank you.  So, Mr.
3  Vasquez, you've been indicted out of the United States
4  District Court for the Northern District for Georgia, and
5  you've been charged with being a Felon in Possession of a
6  Firearm.
7  Have you seen the indictment in that case?
8  THE DEFENDANT:  Yes, Judge.  I've read it.
9  THE COURT:  All right.  And you've discussed those
10 charges with your attorney?
11 THE DEFENDANT:  Yes, Judge.
12 THE COURT:  Do you understand the charges?
13 THE DEFENDANT:  Yes, Judge.
14 THE COURT:  Mr. Darrow, have you had these
15 discussions with Mr. Vasquez?
16 MR. DARROW:  Yes, Your Honor.  And I'm persuaded
17 that he understands the nature of the charges, the relevant
18 penalties, and his rights in this proceeding.
19 THE COURT:  Okay.  I understand that Mr. -- well,
20 let me -- have you explained to Mr. Vasquez that he is
21 entitled to have an identity hearing in this district?
22 MR. DARROW:  Yes, I have, Your Honor.
23 We've discussed it and he's agreed to waive that --
24 that identity hearing.  We submitted a written document to
25 the Court.  That document has been -- has two S slash

6

1  signatures that was provided to me, but I -- I and Mr.
2  Vasquez both agree that those can serve as our actual
3  signatures.  We've reviewed the document in person.
4         And in addition, Your Honor, you'll see that I've
5  Xed out the piece that says production of the warrant.  We
6  don't waive that, only because the government saw fit to give
7  us the warrant, so that's the one piece we're not waiving.
8         THE COURT:  Okay.  I see that from the written
9  submission.  Thank you.  What is the government's position
10 with respect to bail?  I understand it's contested.
11        MR. WEINTRAUB:  Yes, Your Honor.  Our position is
12 that the package proposed by the defendant is inadequate to
13 ensure the safety of other members of the community.  Mr.
14 Vasquez has a significant long and recent history of violent
15 crimes, including crimes involving loaded firearms,
16 narcotics, and assaults.  I believe the most recent of these
17 indicted crimes occurred while Mr. Vasquez was already out on
18 bond.
19        He was arraigned in May 2019 in Brooklyn on, among
20 other charges, possession of a loaded firearm.  While out on
21 bond on that charge in November of 2019 in Queens, he
22 perpetrated a rather vicious gang related assault, as well as
23 other robbery and weapons charges, which, again, he was
24 arraigned on in November 2019, and that was while he was
25 already out on bond.

1           As recently as the summer of 2020, there are
2   photographs on Mr. Vasquez's social media pages showing him
3   with firearms in his waistband and making gang symbols.  He
4   is a member of the Folk Nations Gang, we believe, and again,
5   these are just the most recent charges.
6           In 2012, he pled guilty to attempted criminal
7   possession of a weapon.  He violated his parole twice in 2016
8   and 2017.  Though I think there really is a long history of
9   other crimes that are quite germane to the charges here and
10  very closely linked.
11          THE COURT:  Mr. Darrow.
12          MR. DARROW:  Thank you, Your Honor.  Well, why
13  don't I say first what my proposed package is and then
14  respond to the government's arguments, if that's all right?
15          THE COURT:  Sure.  Sure.
16          MR. DARROW:  Your Honor, we're proposing that Mr.
17  Vasquez be released on $120,000 personal recognizant bond,
18  and that he live at his current home, which is the home of
19  his aunt, Ms. Rivera, who is on the phone as one of our
20  proposed suretors.
21          His aunt has her own business, child care business
22  and decorating business.  She makes approximately $200,000 a
23  year is what she's reported, both to us and to Pretrial.  And
24  in addition, Your Honor, the other suretor is my client's
25  uncle, Mr. Luper Singleton, who is a former corrections

1    officer and currently has his own moving company, as detailed
2    in the Pretrial Services report, and he makes approximately
3    $60,000 a year.
4            We think these are unusually strong suretors, Your
5    Honor.  They can give Your Honor some assurance about --
6    again, there's no argument about risk of flight, but about --
7    would alleviate any concern about potential dangerousness.
8            Your Honor, my client is a Georgia resident.  He
9    has a fiancé and child there.  You know, I think the
10   government has characterized his record as serious.  I guess
11   we can -- we can disagree in that.  He has one prior felony
12   that's been reported here.
13           The rest are misdemeanors and the rather vicious
14   offense that the government is referring to is still pending.
15   So he hasn't been convicted of that.
16           I would concede that it is a failed fact that's not
17   in our favor, that his case arises --
18           THE COURT:  This --
19           MR. DARROW:  -- while Mr. Vasquez is already on
20   bail in another case.  So I do concede that with respect to
21   his record.
22           Your Honor, if Your Honor feels that the package as
23   proposed is insufficient in light of that fact and Your Honor
24   wants to have more assurance, then a possibility that I
25   discussed both with my client and with the suretors is for

9

him to be on home confinement, which would be a different and more restrictive condition that he was under as compared to the bail that was set in the State.

There would be no danger if he was on an ankle bracelet and locked in his home, but I think the question is not is he dangerousness -- is he dangerous per se? The question is are there conditions that can alleviate that?

And our view is there certainly are, because even if the package that's proposed isn't enough, then certainly a home confinement condition, which is demonstrably different and more restrictive than his current State bail conditions, would alleviate the dangerousness concerns that the government has raised in our view at least.

THE COURT: And just for (indiscernible), the -- Mr. Vasquez's criminal history.

MR. DARROW: Thank you, Your Honor. I just -- I also wanted to mention that the Pretrial Services report does recommend release, having considered that very same criminal history, and so we are in agreement with Pretrial Services that release is what should happen here.

(Pause.)

THE COURT: Mr. Weintraub, do you want to respond?

MR. WEINTRAUB: Just briefly, Your Honor. I think Mr. Darrow noted that the current offense that Mr. Vasquez is being arraigned on today occurred while he was out on bond,

1   but it's not just the current offense.

2              I believe it's also the November 2019 offense that
3   he was arraigned on in Queens occurred while he was out on
4   bond for another offense that he was arraigned on in May.

5              So maybe six months earlier he's -- he is released
6   on bond and then perpetuates while the government concedes a
7   still yet unproven offense, one that we believe did occur.
8   There's video on YouTube of part, at least, of the offense.

9              I haven't had an opportunity to review the Pretrial
10  Services report, which came in as people are on this line,
11  literally a couple of minutes ago.  I take Mr. Darrow's word
12  that Pretrial's recommendation is as he says it is.

13             In terms of the home confinement, whether or not
14  that can serve as a sufficient deterrent for the harm that
15  the government believes Mr. Vasquez poses, I think that would
16  depend to some extent on the terms of the home confinement,
17  but I think that given Mr. Vasquez's repeated demonstrations,
18  willingness to violate the terms upon, even a more restricted
19  condition such as home confinement, I'm not confident would
20  deter him from further violent acts.

21          (Pause.)

22             THE COURT:  This is the letter case where I will
23  not heed Pretrial Services recommendation to release a
24  defendant.

25             While I find that -- I do not find that Mr. Vasquez

1  is a danger to the community as the government proffers.  I
2  do find that there are no conditions or combinations of
3  conditions that can assure his presence in court in the
4  Northern District of Georgia and adherence to pretrial -- to
5  pretrial release conditions given the fact that he is alleged
6  to have committed this offense while out on bond from New
7  York State, and in light of the prior history that Mr.
8  Vasquez has of parole revocations and the like, even though
9  they were some time ago.
10         So I'm going to deny the request for bond and Mr.
11  Vasquez will be remanded to the Northern District of Georgia
12  in custody.
13         Is there -- I guess the government needs to be
14  warned about its obligations under Brady vs Maryland,
15  pursuant to Federal Rule of Criminal Procedure 5F, I remind
16  the prosecution of its obligation under Brady vs Maryland and
17  its progeny to disclose to the Defense all information known
18  to the prosecution whether or not admissible that is
19  favorable to the defendant and material either to his guilt
20  or to his punishment.
21         The prosecution must make good faith efforts to
22  disclose such information to the Defense as soon as
23  reasonably possible.  I'll be entering a written order more
24  fully describing this obligation and the possible
25  consequences of (indiscernible) and I direct the government

12

1   to review and comply with that order.
2           Does the prosecution confirm that it understands
3   its obligations and will fulfill them?
4           MR. WEINTRAUB:  Yes, Your Honor.
5           THE COURT:  Is there anything else?  Oh, I just
6   note for the record that I have received the financial
7   affidavit and I do find that Mr. Vasquez is entitled to
8   court-appointed counsel.  So Mr. Darrow's appointment will
9   stand.
10          Anything else?
11          MR. DARROW:  Yes, Your Honor.  For the Defense.
12          THE COURT:  Yes.
13          MR. DARROW:  Your Honor, in light of Your Honor's
14  order remand, we request the date that the Northern District
15  of Georgia be advised by the government of that order and to
16  set as fast a date as possible for his initial appearance so
17  no time is wasted unnecessarily during transport.
18          As Your Honor knows, occasionally -- know if
19  there's a breakdown in communication to these removal courts
20  sometimes my clients can linger, and I'd like to avoid that
21  in this scenario if possible.
22          THE COURT:  Okay.  Mr. Weintraub, please inform
23  your counterpart down in the Northern District of Georgia
24  that Mr. Vasquez has been detained and will be remanded in
25  custody or removed in custody, I should say, and please ask

13

1   them to get a court date right away.
2           MR. WEINTRAUB:  Absolutely, Your Honor.
3           MR. DARROW:  Thank you, Your Honor.
4           THE COURT:  All right.  Thank you.
5       (Proceedings concluded at 3:40 p.m.)
6
7           I, CHRISTINE FIORE, Certified Electronic Court
8   Reporter and Transcriber, certify that the foregoing is a
9   correct transcript from the official electronic sound
10  recording of the proceedings in the above-entitled matter.
11
12
13  *Christine Fiore* (signature)
14  _____        August 18, 2021
15      Christine Fiore, CERT
16
17
18
19
20
21
22
23
24
25